PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:11-CR-340 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| | ) | |
| SHAUNDELLE DIAL, | ) | **ORDER** |
| | ) | [Resolving ECF No. 223] |
| Defendant. | ) | |

Pending is Defendant Shaundelle Dial's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). ECF Nos. 223, 230, 231 [SEALED]. The Government filed a Response in opposition. ECF Nos. 235, 236 [SEALED]. Defendant also supplemented his Motion with a letter. ECF No. 239 [SEALED]. For the reasons explained below, Defendant's Motion is denied.

## I. Background

Defendant was convicted of Counts One and Two, and pled guilty to Count Three, of an Indictment charging him with Carjacking, Use of a Firearm During a Crime of Violence, and being a Felon in Possession of Ammunition in violation of 18 U.S.C. §§ 2119, 924(c)(1)(A), and 922(g)(1). *See* ECF No. 183. The Court sentenced Defendant to a term of imprisonment of 240 months. *Id.* Defendant is currently serving his sentence at USP Tucson.[1] Defendant avers that

[1] According to the Bureau of Prisons Inmate Locator, Defendant is currently incarcerated at USP Tucson. *See* bop.gov/inmateloc/ (last visited Mar. 1, 2021). His anticipated release date is May 31, 2030. USP Tucson houses 1,362 inmates. *See* https://www.bop.gov/locations/institutions/tcp/ (last visited Mar. 1, 2021). As of March (continued...)

(1:12-CR-582)

due to the COVID-19 pandemic and the high risk of infection at USP Tucson, in combination with Defendant's asthma and mental health issues, the Court should reduce his sentence to time served and release him to live with his mother, under whatever conditions the Court deems appropriate. ECF No. 230 at PageID #: 2199. He argues that his asthma and mental health issues put him at a higher risk from COVID-19, should he contract the disease. *Id.* at PageID #: 2195-96.

The Government argues that Defendant's health conditions do not qualify as "extraordinary and compelling" as required by 18 U.S.C. § 3582(c)(1)(A)(i). ECF No. 235 at PageID #: 2232. The Government also argues that Defendant is not entitled to compassionate release because he would pose a danger to the community. *Id*. at PageID #: 2236.

**II. Legal Standard for Seeking Compassionate Release**

Under 18 U.S.C. § 3582(c)(1)(A), as modified by the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018), a court may reduce a defendant's sentence upon motion of the Director of the Bureau of Prisons ("BOP") or the defendant. The Sixth Circuit recently held that district courts must follow a "three-step test" for determining whether to grant a defendant's motion for compassionate release. *United States v. Jones*, 980 F.3d 1098 (6th Cir. 2020).

> At step one, a court must "find[]" whether "extraordinary and compelling reasons warrant" a sentence reduction. At step two, a court must "find[]" whether "such a reduction is consistent with *applicable* policy statements issued by the Sentencing

---

[1](...continued)
1, 2021, 69 staff members and no inmates have confirmed active cases of COVID-19 at USP Tucson. Ten inmates and no staff have died, and 897 inmates and 48 staff have recovered from COVID-19. *See* https://www.bop.gov/coronavirus/ (last visited Mar. 1, 2021).

> Commission." The Commission's policy statement on compassionate release resides in U.S.S.G. § 1B1.13. Thus, if § 1B1.13 is still "applicable," courts must "follow the Commission's instructions in [§ 1B1.13] to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized. At step three, "§ 3582(c)[(1)(A)] instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case."

*Id.* at 1107-08 (alterations in original) (citations omitted).

The conditional statement regarding the applicability of U.S.S.G. § 1B1.13 foreshadows another holding from *Jones*: § 1B1.13 is *not* applicable to compassionate release motions filed by defendants. *Id.* at 1109. Therefore, because there is no applicable guidance for district courts to follow at step two, "[u]ntil the Sentencing Commission updates § 1B1.13 to reflect the First Step Act, district courts have full discretion in the interim to determine whether an 'extraordinary and compelling' reason justifies compassionate release when an imprisoned person files a § 3582(c)(1)(A) motion." *Id.*

A defendant is eligible to seek compassionate release from a court after he has exhausted all administrative rights to appeal the BOP's failure to bring a motion on his behalf or thirty days have elapsed since requesting that the warden of his facility initiate such action. 18 U.S.C. § 3582(c)(1)(A) (emphasis added); *United States v. Alam*, 960 F.3d 831, 834 (6th Cir. 2020) ("Prisoners who seek compassionate release have the option to take their claim to federal court within 30 days, no matter the appeals available to them.").

## III. Discussion

### A.

(1:12-CR-582)

On August 10, 2020, Defendant submitted to the warden at USP Tucson a request for compassionate release. *See* ECF No. 231-1 [SEALED]. The record does not reveal whether the warden responded to Defendant's request, but because 30 days have elapsed since Defendant submitted his request, Defendant has satisfied the exhaustion requirement under 18 U.S.C. § 3582(c)(1)(A).[2] *Alam*, 960 F.3d at 833 (6th Cir. 2020) ("[A defendant] must 'fully exhaust[ ] all administrative rights' or else they must wait for 30 days after the warden's 'receipt of [their] request.'").

**B.**

Defendant argues that his asthma and mental health issues are "extraordinary and compelling," and thus qualify him for release. ECF No. 230 at PageID #: 2195-96. Case law from courts in this Circuit suggests otherwise. "[A]n asthma diagnosis by itself is not sufficient to warrant early release under the compassionate release standard." *United States v. Alzand*, No. 18-CR-20703, 2020 WL 2781824, at *3 (E.D. Mich. May 29, 2020) (denying compassionate release to a defendant who required two inhalers per day to manage his asthma, and who suffered from other medical conditions). The Centers for Disease Control and Prevention has identified "moderate-to-severe" asthma as a factor contributing to "increased risk for severe illness from the virus that causes COVID-19."[3] Defendant, however, does not have "moderate-to-severe"

---

[2] The Government concedes that Defendant has satisfied the exhaustion requirement. ECF No. 235 at PageID #: 2230.

[3] *People with Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Feb. 18, 2021).

asthma. His condition is controlled by the use of an inhaler on an "as needed" basis. ECF No. 236-4 [SEALED] at PageID #: 4529; *see also* United States v. Taylor, Nos. 17-20791 and 18-20094, 2020 WL 5200956, at *1-3 (E.D. Mich. Sept. 1, 2020) (citing national medical guidelines for the proposition that "moderate" asthma is characterized by "'daily symptoms, weekly nighttime awakenings, daily use of preventative medication,' and more"). Additionally, Defendant's mental health issues were known to the Court prior to sentencing. The only changed circumstance is the existence of the pandemic. Based on the record before the Court, Defendant's mental health issues feigned or real do not render him more vulnerable to COVID-19. *See* ECF No. 236 [SEALED] at PageID #: 2252-53 (Government's summary of Defendant's mental health issues pre-and post-sentencing).

Defendant's concern regarding the spread of COVID-19 is understandable. Interestingly, the community Defendant seeks to rejoin currently has far more positive cases of COVID-19 than the facility that houses Defendant.[4] Nevertheless, a generalized risk of contracting COVID-

[4] Zero inmates at USP Tucson are currently positive for COVID-19, while Cuyahoga County added over 1,000 new cases in the last week alone. *Compare* Cuyahoga County Board of Health, *Cuyahoga County COVID-19 Report MMWR Week 6* (dated Feb. 19, 2021), https://www.ccbh.net/wp-content/uploads/2021/02/CCBH-COVID19-Epi-Brief_02.18.2021.pdf, *with* Cuyahoga County Board of Health, *Cuyahoga County COVID-19 Report MMWR Week 7* (dated Feb. 26, 2021), https://www.ccbh.net/wp-content/uploads/2021/03/CCBH-COVID19-Epi-Brief_02.26.2021.pdf.

(1:12-CR-582)

19 is not "extraordinary and compelling" in the sense contemplated by the statute. Defendant has not, therefore, presented "extraordinary and compelling" reasons for release.[5]

**III. Conclusion**

For the foregoing reasons, Defendant's Motion for Compassionate Release (ECF No. 223) is denied on the merits.

IT IS SO ORDERED.

March 2, 2021
Date

*/s/ Benita Y. Pearson*
Benita Y. Pearson
United States District Judge

[5] Because Defendant has not established "extraordinary and compelling" reasons justifying compassionate release, the Court need not reach the specific application of the 18 U.S.C. § 3553(a) factors.